UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAGHVENDRA SINGH,<br><br>           Petitioner,<br><br>    v.<br><br>JEFF MACOMBER,<br><br>           Respondent. | Case No.  2:24-cv-00881-JDP (HC)<br><br>**ORDER**<br><br>GRANTING PETITIONER'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*, SCREENING THE PETITION, DENYING THE MOTION TO SET ASIDE CONVICTION, AND OFFERING LEAVE TO AMEND<br><br>ECF Nos. 2 & 12 |

Petitioner, a state prisoner proceeding under section 2254, has filed a motion to set aside his conviction.  ECF No. 12.  Therein, as best I can tell, he argues that he was convicted in state court for actions that have since been decriminalized by the state of California.  *Id.* at 1-3.  After reviewing the petition,[1] I find that it fails to state a cognizable claim.  I will give petitioner leave to amend.  Additionally, I will grant his application to proceed *in forma pauperis*.  ECF No. 2.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.  Under Rule 4, the judge assigned to the habeas proceeding must examine

---

[1] Petitioner has styled his petition as a "motion to set aside conviction."  ECF No. 12.  I construe this as a habeas petition and, by finding that it does not state a cognizable claim, I necessarily deny the motion.

1

the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

As noted above, petitioner argues that conduct for which he was convicted in state court has since been decriminalized.  ECF No. 12 at 1-3.  He does not, however, describe the specifics of his claim, either by describing the nature of his conviction or by identifying which state law, made retroactive, has decriminalized the conduct underlying that conviction.  Neither has he explained, apart from vaguely alleging that state courts have refused to consider his claim, *id.* at 1, why this issue of state law gives rise to federal habeas relief.  *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law.") (internal quotation marks omitted).  Instead, much of the motion to set aside conviction is devoted to the allegedly poor conditions of his incarceration.  ECF No. 12 at 4-5.  Petitioner's remedy for those allegedly unconstitutional conditions, however, lies in a section 1983 action.  Rather than recommending this action be dismissed immediately, I will give petitioner an opportunity to amend and better explain his claims.  In so doing, he should use the federal habeas form included with this order.

Accordingly, it is hereby ORDERED that:

1. Petitioner's motion to set aside conviction, ECF No. 12, is DENIED.
2. Petitioner may file an amended petition within thirty days of this order's entry.  If he fails to do so, I may recommend that this action be dismissed.
3. The Clerk of Court is directed to send petitioner a section 2254 habeas form with this order.
4. Petitioner's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

IT IS SO ORDERED.

Dated:   July 17, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE